UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| JAMES R. MINEER, JR. | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 08-102-HRW |
| | ) | |
| vs. | ) | |
| | ) | |
| CORRECTIONAL OFFICER DIAMOND, | ) | **MEMORANDUM OPINION** |
| ET AL. | ) | **AND ORDER** |
| | ) | |
| Defendants | ) | |

Plaintiff James R. Mineer, Jr. ("Mineer"), an individual then incarcerated at the Greenup County Detention Center, filed this *pro se* civil rights action on August 15, 2008. [R. 2] In his Complaint, Mineer alleged that he is diabetic; that staff at the detention center had failed to provide timely and adequate medical care for his condition; and that informal complaints and formal grievances had been ignored. The Court granted his motion to proceed *in forma pauperis*, and on August 21, 2008, directed the United States Marshal to serve process on his behalf. [R. 5, 6] The Court's Order expressly provided:

> 8. The Plaintiff shall immediately advise the Ashland Clerk's Office of any change in his or her mailing address. **Failure to do so may result in dismissal of this case.**

[R. 5 at pg.3] (emphasis in original).

On September 16, 2008, the Defendants filed their Answer to the Complaint. [R. 9] On September 23, 2008, Mineer filed a response to the Defendants' Answer in which he challenged the affirmative defenses asserted therein and requested both immediately medical attention and his release from incarceration. [R. 13] The Court then entered a scheduling order directing the parties to complete discovery and file any dispositive motions on or before January 9, 2009. [R. 14]

On March 12, 2009, the Court entered an Order directing the parties to file a report regarding the status of the case within 20 days. [R. 18] The Court's docket reflects that this Order was returned as undeliverable to Plaintiff Mineer. [R. 20]

The Defendants have filed status reports in which they explain that "no significant pretrial activity has taken place in this matter for the sole reason that these Defendants do not know the whereabouts of the Plaintiff, James R. Mineer, Jr." [R. 22, 24] The Defendants have also filed motions to dismiss the Complaint on the ground that the Plaintiff's disappearance has prevented them from conducting any pretrial discovery or other activities required by the Court's Order. [R. 21, 23] Mineer has not filed a response to either motion.

The Local Rules of this Court expressly require litigants to maintain current and accurate address information with the Court. *See* Joint Local Rules for the Eastern and Western Districts of Kentucky L.R. 5.2(d). While all litigants are required to be aware of and comply with the Local Rules, this Court expressly advises *pro se* litigants of this requirement because it is essential to the prompt and efficient handling of cases before the Court. The Court set forth this requirement, and the potential for dismissal of Plaintiff's Complaint for failure to comply with it, explicitly in its August 21, 2008, Order. [R. 5] Where, as here, the Plaintiff's failure to do so has completely frustrated the Defendants' attempts to engage in discovery and to comply with the orders of this Court, dismissal of the Complaint is appropriate for failure to prosecute under FED. R. CIV. P. 41(b), *Walden v. Mullins*, 2006 WL 1096376 (W.D. Ark. 2006) (dismissal for failure to maintain current address); *Thomas v. Arpaio*, 2006 WL 3201023 (D. Ariz. 2006), and for failure to cooperate with discovery under FED. R. CIV. P. 37(b), *Kearney v. City of New York*, 2003 WL 22682721 (S.D.N.Y. 2003) (dismissal where *pro se* employee took no steps to prosecute action for four months after she appeared at scheduling conference); *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759 (2nd Cir. 1990) (dismissal where *pro se* plaintiff failed to appear for deposition where plaintiff was cautioned that

motion to dismiss would be entertained if she did not appear as directed).

Accordingly, **IT IS ORDERED** that:

1. Defendants' Motions to Dismiss [R. 21, 23] are **GRANTED.**

2. The Plaintiff's Complaint [R. 2] is **DISMISSED WITH PREJUDICE**.

3. The Clerk of the Court shall mail a copy of this Memorandum Opinion and Order to the Plaintiff at 4065 State Route 5, Ashland, Kentucky 41102 in addition to his address of record.

4. The Court will enter an appropriate Judgment.

This April 21, 2009.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge